UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOM BLAKE, | No. 2:20-cv-0045-EFB P |
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| SAM WONG, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding without counsel in this action brought pursuant to 42 U.S.C. § 1983. The court, on screening, determined that plaintiff's initial complaint was deficient insofar as it failed to state a viable constitutional claim. ECF No. 6. Plaintiff has now filed an amended complaint (ECF No. 9), which the court must screen.

<u>Screening</u>

I.   <u>Legal Standards</u>

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

/////

1       A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact."
2  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th
3  Cir. 1984). "[A] judge may dismiss [in forma pauperis] claims which are based on indisputably
4  meritless legal theories or whose factual contentions are clearly baseless." *Jackson v. Arizona*,
5  885 F.2d 639, 640 (9th Cir. 1989) (citation and internal quotations omitted), superseded by statute
6  on other grounds as stated in *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000); *Neitzke*, 490
7  U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded,
8  has an arguable legal and factual basis. *Id.*

9       "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the
10 claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of
11 what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S.
12 544, 555 (2007) (alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).
13 However, in order to survive dismissal for failure to state a claim, a complaint must contain more
14 than "a formulaic recitation of the elements of a cause of action;" it must contain factual
15 allegations sufficient "to raise a right to relief above the speculative level." *Id.* (citations
16 omitted). "[T]he pleading must contain something more . . . than . . . a statement of facts that
17 merely creates a suspicion [of] a legally cognizable right of action." *Id.* (alteration in original)
18 (quoting 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1216 (3d
19 ed. 2004)).

20      "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to
21 relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl.
22 Corp.*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content
23 that allows the court to draw the reasonable inference that the defendant is liable for the
24 misconduct alleged." *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 556). In reviewing a complaint
25 under this standard, the court must accept as true the allegations of the complaint in question,
26 *Hospital Bldg. Co. v. Rex Hosp. Trs.*, 425 U.S. 738, 740 (1976), as well as construe the pleading
27 in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, *Jenkins v.*
28 *McKeithen*, 395 U.S. 411, 421 (1969).

II. <u>Analysis</u>

Plaintiff alleges that, in November - December of 2018 and while incarcerated at Mule Creek State Prison ("MCSP"), she[1] was infected with tuberculosis by another inmate. ECF No. 9 at 1, 5. She claims that defendant Wong – a primary care provider at MCSP – declined to test the other inmate (Ralph Morales) for tuberculosis and ultimately allowed Morales to expose other inmates, including plaintiff, to the disease. *Id.* at 7-8. Plaintiff claims that Morales – who, prior to being properly diagnosed, was coughing incessantly, was physically weak, and could barely speak – explicitly asked Wong for a tuberculosis test. *Id.* at 7. Wong allegedly declined and stated that it would be cheaper to send Morales to a respiratory specialist than to administer the test. *Id.* Wong offered his opinion that tuberculosis was a rare disease and, thus, unlikely to be the cause of Morales' condition. *Id.* at 7-8. Instead, he opined that Morales likely had lung cancer. *Id.* Plaintiff alleges that Wong's failure to conduct a test allowed Morales to unknowingly spread tuberculosis at MCSP for several months and to infect several other inmates – including her. *Id.* at 8.

As noted in the court's prior screening order, a claim for medical deliberate indifference requires two elements, one objective and the other subjective. *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006); *Lopez v. Smith*, 203 F.3d 1122, 1132-33 (9th Cir. 2000) (quoting *Allen v. Sakai*, 48 F.3d 1082, 1087 (9th Cir. 1995)). The plaintiff must first establish a "serious medical need" by showing that "failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" *Jett*, 439 F.3d at 1096 (quoting *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1991)). "Second, the plaintiff must show the defendant's response to the need was deliberately indifferent." *Id.* (citing *McGuckin*, 974 F.2d at 1060). The subjective element is satisfied where prison officials "deny, delay or intentionally interfere with medical treatment." *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988). "[T]he official must be both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*,

---

[1] This order reflects the pronouns used in plaintiff's own complaint.

511 U.S. 825, 837 (1994).  Inadequate treatment due to medical malpractice, negligence, or even gross negligence, does not rise to the level of a constitutional violation.  *See Wilson v. Seiter*, 501 U.S. 294, 297 (1991) (quoting *Estelle*, 429 U.S. at 105-06); *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004).  Here, if the facts are accepted as true, the objective element is met.  But subjective element is not.  plaintiff appears to allege that Dr. Wong genuinely believed that Morales was suffering from lung cancer rather than tuberculosis and, thus, a test for the latter was unwarranted.  ECF No. 9 at 7-8.  Even if Dr. Wong *should* have been aware of the risk of not providing a tuberculosis test, he cannot be held to have been deliberately indifferent on that basis.  *See Gibson v. County of Washoe*, 290 F.3d 1175, 1188 (9th Cir. 2002) ("If a person should have been aware of the risk, but was not, then the person has not violated the Eighth Amendment, no matter how severe the risk.").  It may be that plaintiff has a claim for medical malpractice against Dr. Wong, but that claim belongs in state court rather than a federal section 1983 action.

Based on the foregoing, the court recommends that this action be dismissed.[2]

Conclusion

Accordingly, it is ORDERED that the Clerk of Court shall randomly assign a United States District Judge to this case.

Further, it is RECOMMENDED that this action be DISMISSED without leave to amend for failure to state a claim upon which relief may be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections

/////

/////

---

[2] The court notes that it has already afforded plaintiff a chance to amend, and both complaints have been subject to dismissal on the same basis.  Thus, further opportunities to amend appear unwarranted.

4

within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 16, 2020.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE